# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21-cr-00686-3 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| DAVONTAE MCCALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On April 26, 2022, Defendant Davontae McCall pleaded guilty to aiding, abetting, and making false statements during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Roughly six months later, the Court sentenced Mr. McCall to a Guideline sentence of 18 months imprisonment. (ECF No. 97, PageID #387.) Because the Guideline calculation placed Mr. McCall in Zone C of the sentencing table, the Court ordered a split sentence. Specifically, the Court ordered that "the first [nine] months" of the sentence to be served in the custody of the Bureau of Prisons, "followed by [nine] months home detention." (*Id.*)

With credit for time served, Mr. McCall's projected release date was January 22, 2023. (ECF No. 105-2, PageID #443.) As of the date of this Order—January 31, 2023—Mr. McCall is still in custody at Hazelton FCI in Bruceton Mills, West Virginia. According to Mr. McCall, his case manager stated that because of a "screw up" in submitting paperwork, he will remain there for the rest of his 18-month sentence. (ECF No. 105, PageID #437.) To avoid this outcome, Mr. McCall,

proceeding *pro se*, seeks "a writ of mandamus or other order" to compel the Bureau of Prisons to comply with the Court's ordered sentence. (ECF No. 105.) The United States moves to dismiss that filing. (ECF No. 107.)

Liberally construed, Mr. McCall's motion presents a petition for habeas relief under 28 U.S.C. § 2241. That statute governs challenges to the execution and manner in which a sentence is served. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999) (per curiam) (comparing 28 U.S.C. §§ 2241 & 2255); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (same). Defendant's argument that the Bureau of Prisons is not abiding by the Court's order for nine months of home detention (ECF No. 105, PageID #436) qualifies as a challenge to his sentence's *execution*.

The United States argues that the Court should dismiss Defendant's petition for want of jurisdiction. (ECF No. 107, PageID #447 & #448.) Section 2241 requires a district court to have personal jurisdiction over the petitioner's custodian. *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). The custodian is the individual that can produce the petitioner's body. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Generally, that is the warden of the petitioner's prison. *See Robinson v. Morrison*, 27 F. App'x 557, 557 (6th Cir. 2001). In this case, Mr. McCall is imprisoned in Bruceton Mills, West Virginia. (ECF No. 107, PageID #447.) Therefore, his custodian is in the Northern District of West Virginia, and Mr. McCall can only bring his petition there.

Nevertheless, the Court declines to dismiss Defendant's petition. Under 28 U.S.C. § 1631, a district court *shall* transfer an action, including a habeas petition,

2

for which it lacks jurisdiction to the appropriate court "if it is in the interest of justice." *See, e.g.*, *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003); *Wood v. Brown*, No. 2:20-cv-12576, 2021 WL 2311930, at *6 (E.D. Mich. June 7, 2021).  Indeed, a district court abuses its discretion where it dismisses an action without determining whether a transfer is in the interests of justice.  *Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009).  Here, the interests of justice support a transfer to the Northern District of West Virginia.  Dismissal would cause Mr. McCall unnecessarily to incur additional expenses and delay the resolution of his petition, which seeks to effect the sentence imposed.  *See Roman*, 340 F.3d at 329.  Accordingly, the Court **ORDERS** the Clerk to **TRANSFER** this action to the Northern District of West Virginia forthwith.

**SO ORDERED.**

Dated:  January 31, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3